IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>     Plaintiff,<br><br><br><br><br><br><br><br><br><br><br><br>     vs.<br><br><br><br>KEY BANK, NA; Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M. INTERNATIONAL, a Nevada corporation; ROBERY PITEL, an individual; DOUGLAS JUSTUS, an individual; and DOE DEFENDANTS I through X,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE REQUEST FOR JURY TRIAL, DEFENDANTS Q.A.M. INTERNATIONAL AND DOUGLAS JUSTUS' RULE 39(b) MOTION FOR JURY TRIAL, PLAINTIFF'S MOTION TO STRIKE DEFENDANT Q.A.M, INC.'S ANSWER, AND LEAVE TO FILE AMENDED COMPLAINT<br><br><br><br><br><br><br><br>Case No. 2:09-CV-520 TS |

     This matter is before the Court on Plaintiff's Motion to Strike Defendants Q.A.M.

International and Douglas Justus' Jury Demand, the same Defendants' Rule 39(b) Motion for a

Jury Trial, Plaintiff's Motion to Strike Q.A.M. Inc's Answer, and Plaintiff's Motion for Leave to

File an Amended Complaint.  For the reasons discussed below the Court will grant all the Motions.

## I. Factual Background

On June 8, 2009, Plaintiffs filed their Complaint.[1]  Defendants waived service and timely filed their Answers on August 10, 2009.[2]  On September 10, 2009, the parties held an attorney planning meeting as required by Fed. R. Civ. P. 26(f).[3]  The same day Defendants filed a demand for a jury trial.[4]  Plaintiff filed this Motion to Strike the Jury Demand on September 14, 2009.[5]  Defendants then filed a Rule 39(b) Motion on September 18, 2009.[6]  On October 8, 2010, a scheduling order was entered setting the deadline for amended pleadings as November 27, 2009, and the deadline for discovery as March 26, 2010.[7]  Plaintiff filed its Motion to Amend on January 19, 2010.[8]

## II. Discussion

A. Jury Trial

Fed. R. Civ. P. 38 states that a party may demand a trial by jury on any issue triable of right by jury, by making a written demand "no later than 10 days after the last pleading directed

---

[1]Docket No. 1.

[2]Docket No. 15.

[3]Docket No. 28 at 2.

[4]Docket No. 21.

[5]Docket No. 22.

[6]Docket No. 25.

[7]Docket No. 33.

[8]Docket No. 38.

to the issue is served."[9]  "A Party waives the right to a jury trial when he fails to make a timely demand."[10]

Rule 39 states: "[i]ssues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."[11]  "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial."[12]  "[I]t would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."[13]

Plaintiff argues that because Defendants' Answer was filed on August 10, 2009, its jury demand filed on September 10, 2009, was untimely according to Rule 38 and therefore should be stricken.  Because the Court finds the jury demand was untimely, and Defendants have not opposed the Motion to Strike, the Court will strike the jury demand made on September 10, 2009.[14]

Next the Court will address Defendants' Rule 39(b) Motion for a Jury Trial.  As previously stated, a court may grant a motion for a jury trial even if the party making the motion has failed to properly make a jury demand under Rule 38, as is the case for Defendants here.

---

[9]FED. R. CIV. P. 38(b).

[10]*Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992).

[11]FED. R. CIV. P. 39(b).

[12]*Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

[13]*Id*.

[14]*See* DUCivR 7(d).

Defendants state that there are five factors which might demonstrate strong and compelling reasons to deny a Rule 39(b) motion: (1) different evidence would be required for trial to a judge versus a trial to a jury; (2) there was undue delay in bringing the motion or that the trial is imminent; (3) discovery would be impaired or was undertaken on an assumption that trial would be to the Court and not to a jury; (4) cost would be significantly increased; or (5) trial would be substantially longer to a jury because, for example, of the complexity of the issues.[15]

Defendants argue that discovery cannot be impaired if the Court grants their motion because no discovery has taken place.  Defendants further argue that because they filed the Motion only 20 days after the Rule 38 deadline, there was no undue delay.  Defendants state that they are unaware of any evidence that will be different if the case was before a jury rather than a judge.  Nor do Defendants believe the cost or time required will be significantly increased.  Last, Defendants cite *Bradford v. Signa Group Ins.*,[16] a decision by this Court granting plaintiff's motion for a jury trial almost six months after the complaint was filed and three months after the answer was served.  The *Bradford* Court found that the jury demand, even though made three months after the Rule 38 deadline, was still made "relatively early" in the case.[17]  Further the court found no prejudice to defendants in granting the motion.[18]

Plaintiff argues that the failure to timely request a jury trial was not the result of anything

---

[15]*Harvey v. Adams County Sheriff's Office*, 2008 WL 2323875, *1 (D. Colo. June 4, 2008) (citing 9 Wright & Miller, *Federal Practice and Procedure: Civil 2d § 2334* at n. 7 ( 2007 Pocket Part)).

[16]2007 WL 1168872 (D.Utah April 18, 2007).

[17]*Id*. at *2.

[18]*Id*.

but mere inadvertence and could have been a conscious decision by the parties.[19]  Plaintiff argues

that it was a conscious decision because it was not part of the Answer and Defendants' counsel

mentioned it for the first time at the attorney planning meeting.  Plaintiff also cites the Ninth

Circuit in arguing that "[a]n untimely request for a jury trial must be denied unless cause beyond

mere inadvertence is shown."[20]  However, the Ninth Circuit does not control this case.  As

discussed above the Tenth Circuit has held that denial of a motion based on inadvertence would

not be abuse of discretion, it does not require denial based on inadvertence.

Plaintiff also argues that the trial would be substantially longer and more expensive if the

case was tried in front of a jury.  Plaintiff's main argument is that this case is too complex for a

jury due to the fact intensive nature of the claims and that it will be confusing for the jury

because there are a variety of claims against a variety of Defendants.  Plaintiff argues that the

Court will "be able to master the factual complexities of this case faster and more adroitly than a

jury."[21]

However, "juries are commonly called upon to decide complex cases,"[22] and failure to

strike a jury trial based on the complex subject matter of the case is not abuse of discretion by the

trial court.[23]  The causes of action in this case relate to fraud, alter ego liability, unjust

enrichment, breach of fiduciary duty, and punitive damages.  None of these claims are out of a

---

[19]*See Dick v. Phone Directories Co., Inc.*, 2006 WL 539516 (D. Utah Mar. 6, 2006).

[20]*Pac. Fisheries Corp. v. HIJ Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).

[21]Docket No. 30 at 8.

[22]*Green Const. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005,1011 (10th Cir. 1993).

[23]*Id.*

juries ordinary purview.

Plaintiff has not specified or pointed to any of the other factors that demonstrate a strong compelling reason to deny a Rule 39 motion.  Plaintiff has not shown that different evidence would be required if the case were tried in front of a judge instead of a jury.  Because the motion was made only twenty days after the Rule 38 deadline the Court finds there was no undue delay in bringing the Rule 39 motion.  Moreover, as discovery has not even begun, trial is obviously not imminent.  Similarly, because discovery has not begun, discovery will not be impaired.  The Court is unpersuaded that the cost and time will be significantly increased to a point justifying denial of Defendants' Motion.  Further, based on the above, the Court does not find Plaintiff will be prejudiced if this Motion is granted.

Therefore based on the factors outlined above, equitable principles and this Court's discretion, Defendants' Rule 39 Motion will be granted.

B. Q.A.M., Inc.'s Answer

Plaintiff moves for the Court to strike Q.A.M., Inc.'s Answer because Q.A.M., Inc. is a corporate defendant and the answer was filed by an individual, Jeffrey Fadness, who is not an attorney.  In the Answer Mr. Fadness states that he is answering as the registered agent of Q.A.M., Inc., even though he is not sure that he is the registered agent.[24]  Mr. Fadness states that he, as an individual, is not named personally as a Defendant in the case, and that he answered merely to protect himself in case he was required to do so by law.[25]

28 U.S.C. § 1654 states that "[i]n all courts of the United States the parties may plead and

---

[24]Docket No. 16.

[25]Id.

6

conduct their own cases personally."[26]  However, "[i]t has been the law for the better part of two

centuries . . . that a corporation may appear in the federal courts only through licensed counsel."[27]

As already discussed, by his own admission, Mr. Fadness is not an attorney, therefore he

may not enter an appearance or file an answer on behalf of Q.A.M., Inc.  Accordingly the Court

will strike Q.A.M., Inc.'s Answer.

C. Leave to File an Amended Complaint

Plaintiff moves for leave to file an amended complaint pursuant to Rule 15(a).[28]  Where,

as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a)

dictates that "a party may amend the party's pleading only by leave of court or by written

consent of the adverse party."  The Rule specifies that "leave shall be freely given when justice

so requires."[29]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for

each claim to be decided on the merits rather than on procedural niceties.'"[30]

However, the Court may refuse to grant leave to amend where it finds evidence of "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

of the amendment, [or] futility of amendment."[31]  "Lateness does not of itself justify the denial of

---

[26]28 U.S.C. § 1654.

[27]*Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).

[28]FED. R. CIV. P. 15(a).

[29]*Id.*.

[30]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[31]*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[an] amendment."[32]  However, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[33]

The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[34]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[35]

Where an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, some courts also require that the plaintiff show good cause as required under Rule 16(b).[36]  The Tenth Circuit has declined to decide whether to require a showing of good cause in such a situation, although it noted the "rough similarity between the 'good cause' standard of Rule 16(b) and [the Tenth Circuit's] 'undue delay' analysis under Rule 15."[37]  The "good cause" standard "requires the nonmoving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[38]

---

[32]*Id.* at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)) (internal quotation marks omitted).

[33]*Id.* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[34]*Id.* at 1207.

[35]*Id.* at 1208.

[36]*See id.* at 1205 n.4; *see* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . .").

[37]*Minter*, 451 F.3d at 1205.

[38]*Id.* at n.4.

Plaintiff argues that its request is timely even though the deadline for amending pleadings has passed.  The scheduling order in this case set the amendment deadline on November 27, 2009, almost four months before the discovery deadline of March 26, 2010.  Plaintiff does not state a reason for the delay in filing this Motion but argues that Defendant Key Bank should have been aware of these potential claims based on the general allegations of the Complaint; insinuating to the Court that they waited to filed additional claims until additional information was uncovered.  Therefore, it is the Court's understanding that Plaintiff, based either on the two depositions it conducted or through other discovery, decided to add claims based on facts unknown to them at the time the original Complaint was filed.  The Court finds this is sufficient to support a "good cause" showing.

The Court further finds that Defendants will not be prejudiced by Plaintiff's amendment.  As already stated, as of February 10, 2010, Defendants had yet to hold a single deposition.[39]  Defendants also admit in their own motion that no discovery has occured.  Defendants argue that the discovery deadline is March 26, 2010, and allowing Plaintiff to amend its Complaint will prejudice them by leaving them with an inadequate time to complete discovery to defend the additional claims.  The Court finds Defendants will have adequate time and will not be prejudiced.  Further the Court grants Defendants the ability to file a motion to amend the scheduling order if they are so inclined.

### III. Conclusion

Based on the above, it is hereby

ORDERED that Plaintiff's Motion to Strike (Docket No. 22) is GRANTED.  It is further

---

[39]Docket No. 41 at 3.

ORDERED that Defendants Q.A.M. International and Douglas Justus' Rule 39(b) Motion for Jury Trial (Docket No. 25) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Strike Q.A.M., Inc.'s Answer (Docket No 34) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket No. 38) is GRANTED.

DATED   February 23, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

10