IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KEY BANK, N.A.; Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M. INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br><br><br>Case No. 2:09-CV-520 TS |

    The Court has before it Velocity Press, Inc.'s ("Velocity") Motion for Sanctions. Therein, Velocity moves the Court to enter terminating sanctions, or any other sanction the Court deems appropriate, against Defendant KeyBank, N.A. ("KeyBank") for its alleged misconduct during discovery.

    After reviewing the parties' respective arguments, the Court does not find that the complained of conduct merits sanctions and the Court will, therefore, deny the Motion.

1

I.  BACKGROUND

The catalyst for Velocity's Motion is Velocity's recent receipt of two email communications from non-party Sanden Machine—Velocity's vendor who was to construct a printing press for Velocity which was to be financed by KeyBank—sent between KeyBank and Sanden Machine on June 4 and July 19, 2007.  These two email communications were not produced by KeyBank during discovery, even though KeyBank was a party to the communications.  Velocity contends that these emails not only should have been produced, but that KeyBank's failure to produce these emails is symptomatic of KeyBank's more general failure to proceed with discovery in good faith.

Velocity contends that (1) KeyBank has withheld and spoliated relevant evidence and (2) that KeyBank's counsel has failed to conduct a reasonable investigation to ensure all relevant evidence has been produced.  On these grounds, Velocity moves the Court to strike KeyBank's pleadings and enter judgment in Velocity's favor or for the Court to enter any other sanction it deems appropriate.

II.  DISCUSSION

A.  WITHHELD AND SPOLIATED EVIDENCE

Velocity contends that KeyBank's counsel has wrongfully withheld relevant evidence. Velocity argues that the two recently discovered emails were in KeyBank's possession and should have been produced during discovery.  In response, KeyBank contends that the emails are no longer in its possession because they were destroyed pursuant to KeyBank's document retention program.

KeyBank explains that all emails sent to KeyBank employees' Lotus Notes email accounts are captured and archived on a central server before they are delivered to the recipient. With the exception of employees who are subject to compliance review by the Securities and Exchange Commission, all bank employees' emails, including attachments, are retained for one year on the central server. Each day, emails that have been sent or received on that day are sorted into a group bearing the day's date. After the data is grouped and bundled, the bundles are marked with an expiration date that is exactly one year from the date assigned to the bundles. The emails are archived on the central server until the expiration date. When the expiration date is reached, the data is eligible to be removed from the central server the next time the server's retention process runs, which occurs every weekend.

This process runs uninterrupted unless KeyBank issues a litigation hold. When this occurs, the emails of all employees subject to the hold are copied from the central server and made available to KeyBank's Compliance and Security Operations Administration Department.

KeyBank placed a litigation hold relating to this matter in June 2009, after it was served with Velocity's summons and Complaint. Thus, KeyBank contends, the two recently discovered emails would have been removed from the central server well before KeyBank instituted the litigation hold relating to this matter.

Velocity responds to this argument in two ways. First, Velocity accuses KeyBank of selectively applying this retention program because some emails were produced from June 2008 and earlier, while these two highly relevant emails were deleted. KeyBank explains to the Court that the emails which predate June 2008 either were printed and placed in Velocity's loan file or

they were sent to Drew Elkins, a principal of Velocity, on July 28, 2008, who had requested from KeyBank all communications regarding his loan because his computer had crashed. Thus, KeyBank contends, the June 4 and July 19, 2007 emails were never printed and were removed from the central server prior to Drew Elkin's request.

Second, Velocity argues that KeyBank should have been on notice of these claims well before June 2009 and, consequently, that KeyBank should have placed a litigation hold on the concerned email accounts prior to the deletion of the June and July 2007 emails. Velocity contends that KeyBank's removal of these emails from the central servers, after having notice of Velocity's claims, constitutes spoliation. In making this argument, Velocity points to two events which allegedly should have put KeyBank on notice that Velocity would soon bring claims against it. In July 2008, as noted above, Drew Elkins requested that KeyBank send all of its correspondence with Sanden because his computer hard drive had crashed. Velocity alleges that at this time, KeyBank knew that Mr. Elkins was contemplating litigation against Sanden. This, Velocity asserts, should have put KeyBank on notice of pending litigation. The second event occurred on August 8, 2008, when Mr. Elkins, accompanied by counsel, met with KeyBank to negotiate refinancing of Velocity's loan with KeyBank. During these negotiations, KeyBank proposed that Velocity waive all right to litigate against KeyBank. Velocity, on advice of counsel, rejected this proposal and its counsel claims to have informed KeyBank that it believes "the bank faced serious claims for lender liability."[1]

---

[1] Decl. of Mary Ann Q. Wood, Docket No. 148, Ex. 10, ¶ 5.

KeyBank responds that these two instances did not place KeyBank on notice of imminent litigation. KeyBank notes that it was never given written notice of Velocity's intent to sue prior to filing the lawsuit and that these two instances did not directly threaten litigation.

As held by the Tenth Circuit, "[a] spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."[2] As federal courts have consistently held, "[i]n most cases, the duty to preserve evidence is triggered by the filing of a lawsuit. However, the obligation to preserve evidence may arise even earlier if a party has notice that future litigation is likely."[3] For future litigation to be considered imminent, there must be "more than a mere possibility of litigation."[4]

In *Cache La Poudre Feeds*, the Colorado district court rejected plaintiff's contention that its counsel's letter to defendant—which explained to defendant its potential trademark infringement claim and its desire to resolve the situation without litigation—was insufficient to put defendant on notice of imminent litigation. The court found that the "letter must be more explicit and less equivocal" to put a party on notice of imminent litigation.[5]

Comparing the *Cache* communications to those alleged in the present action, the Court finds that Velocity's communications likewise fail to convey to KeyBank that future litigation

---

[2]*Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

[3]*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007).

[4]*Id.*

[5]*Id.* at 623.

5

was imminent.  Although Velocity may have hinted at potential claims to certain employees within KeyBank, these statements never directly threatened imminent litigation.  Such possibility of litigation is insufficient to require KeyBank to place a litigation hold on all communications concerning Velocity's loan.

KeyBank was not aware of imminent litigation in this matter until it was served with Velocity's summons and complaint.  Therefore, KeyBank's duty to preserve documents did not arise until late June of 2009 and the two identified emails were removed from KeyBank's central server pursuant to its neutral document retention program before this date.  Therefore, the Court will deny Velocity's charge that KeyBank wrongfully withheld and/or spoliated relevant evidence.

B.	REASONABLE INVESTIGATION

Velocity contends that KeyBank's counsel has failed to conduct a reasonable investigation to ensure all relevant evidence has been produced.  Velocity argues that certain relevant employees and their email addresses were not included in KeyBank's counsel's search of the electronic data given them by KeyBank.

The Federal Rules of Civil Procedure do not impose a duty upon litigants "to examine every scrap of paper in its potentially voluminous files in order to comply with its discovery obligations."[6]  Instead, the party must conduct a "diligent search," which involves developing a "reasonably comprehensive search strategy."[7]  In KeyBank's response, its counsel details its

---

[6]*Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006).

[7]*Id.*

investigation and provides the search terms it used to search for relevant data. It appears that the search and investigation conducted by KeyBank's counsel was reasonable.

Moreover, KeyBank has made the raw electronic data available to Velocity, provided a stipulated protective order is entered by this Court. Consequently, Velocity has an opportunity to cure any alleged shortcomings in KeyBank's search of the raw electronic data.

Based on the foregoing, the Court cannot find that KeyBank and its counsel's efforts were unreasonable. Any shortcomings in KeyBank's efforts do not rise to the level of sanctionable conduct.

The Court notes that both parties are under an obligation to ensure that the opposing party has received all relevant evidence in its possession. The parties are to meet and confer in an attempt to resolve any such shortcomings in their production of documents. Should the Court later learn of misconduct in the retention and production of documents by either party, sanctions may be entered.

### III. CONCLUSION

It is therefore

ORDERED that Velocity's Motion for Sanctions (Docket No. 147) is DENIED WITHOUT PREJUDICE.

DATED   April 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge