IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M., INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENTS MADE BY SANDEN<br><br><br><br>Case No. 2:09-CV-520 TS |

This matter is before the Court on Defendant KeyBank's Motion in Limine to Exclude Statements Made By Sanden.[1] For the reasons set forth below, the Court will deny Defendants' Motion without prejudice subject to specific objections being raised at trial.

---

[1]Docket No. 114.

1

Defendant filed the present Motion on December 17, 2010, along with four other motions in limine. In this Motion, Defendant KeyBank requests that the Court exclude 1) statements made by Sanden that were referenced in the Declaration of Drew Elkins and 2) other statements made by Peter Williams of Sanden in a March 18, 2008 email.

Regarding the statements contained in the Elkins Declaration, Defendant requests that "all testimony concerning Sanden's statements to Drew Elkins in which Sanden attributed the delays in the manufacture of the press to KeyBank or the letter of credit" be excluded. They also specifically identify paragraph 24 of the Drew Elkins Declaration, filed in Plaintiff's Opposition to KeyBank's Motion for Summary Judgment, as excludable hearsay.[2] This paragraph states:

> After weeks without receiving any update on the status of the press, I called Sanden to check on the status of the press. I learned for the first time that KeyBank had been negotiating with Sanden directly and because of the delays caused by KeyBank seeking a letter of credit, the press would not be complete as had been promised.

With respect to the emails, KeyBank requests in its Motion that the Court exclude "statements made by Peter Williams in the March 18, 2008 email designated by Velocity in its Pre-Trial Disclosures." In its Memorandum in Support of the Motion, KeyBank requests that statements "blaming KeyBank for delays in the manufacture of the press" contained in "several emails from Peter Williams of Sanden" be excluded from the trial as inadmissible hearsay. No further guidance is offered as to which statements KeyBank considers inadmissible.

---

[2]Sept 8, 2010 Declaration of Drew Elkins, Docket No. 73.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[3] Defendant KeyBank has not identified any statements that are hearsay within its Motion or accompanying Memorandum in Support. KeyBank only identified one specific paragraph that allegedly contains hearsay, namely paragraph 24 of the Elkins Declaration. Otherwise, KeyBank references emails or conversations generally. Furthermore, the one paragraph identified by Defendant does not contain an out of court statement and is therefore not hearsay. Finally, even if Elkins were to quote what the Sanden employee said in this conversation, it would not necessarily involve hearsay, as it could be offered in evidence for a purpose other than to proving the truth of the matter asserted.[4]

As the one paragraph identified by Defendant does not contain hearsay and Defendant does not identify any other statements, the Court will deny the Motion without prejudice. Defendant may object at trial if it feels that specific documents or statements constitute hearsay.

It is therefore

ORDERED that Defendants' Motion in Limine to Exclude Statements Made By Sanden (Docket No. 114) is DENIED WITHOUT PREJUDICE.

---

[3] Fed.R.Evid. 801(c).

[4] *See* Plaintiff's Opposition to KeyBank's Motion in Limine, Docket No. 139, at 6.

DATED   September 20, 2011.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge