IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M., INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES REGARDING EMPLOYEE COSTS AND NEW LOCATION COSTS<br><br>Case No. 2:09-CV-520 TS |

  This matter is before the Court on Defendant KeyBank's Motion in Limine to Exclude Evidence of Damages Regarding Employee Costs and New Location Costs.[1] For the reasons set forth below, the Court will deny Defendant's Motion without prejudice.

---

[1] Docket No. 122.

1

Defendant filed the present Motion on December 17, 2010, along with four other motions in limine. In this Motion, Defendant KeyBank requests that the Court preclude Plaintiff Velocity Press, Inc. ("Velocity") from presenting evidence regarding a variety of damages that it alleges were caused by KeyBank. KeyBank argues that such evidence should be precluded because Velocity has no proof that these damages were caused by KeyBank, and they are therefore irrelevant under Rule 402 of the Federal Rules of Evidence.

"Damages recoverable for breach of contract include both general damages, *i.e.*, those flowing naturally from the breach, and consequential damages, *i.e.*, those reasonably within the contemplation of, or reasonably foreseeable by, the parties at the time the contract was made."[2] "Proximate cause is that cause which, in the natural and continuous sequence, . . . produces the injury and without which the result would not have occurred. . . . Proximate cause is generally determined by an examination of the facts."[3] This Court has previously ruled that a review of the record "creates a sufficient issue of fact" to examine the issue further at trial,[4] where Defendant will be free to pose further objections to specific evidence.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence of Damages Regarding Employee Costs and New Location Costs (Docket No. 122) is DENIED WITHOUT PREJUDICE.

---

[2] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985).

[3] *Mahmood v. Ross*, 990 P.2d 933, 938 (Utah 1999).

[4] Docket No. 124, at 18.

DATED   September 26, 2011.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge