IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M., INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LOST PROFITS<br><br>Case No. 2:09-CV-520 TS |

    This matter is before the Court on Defendant KeyBank's Motion in Limine to Exclude Evidence of Lost Profits.[1] The Court notes that Plaintiff's Opposition to KeyBank's Motion in Limine is significantly over length and need not be considered by the Court. However, the Court considers the filings on their merits and, for the reasons set forth below, will deny Defendant's Motion without prejudice.

---

[1]Docket No. 120.

1

Defendant filed the present Motion on December 17, 2010, along with four other motions in limine.  In this Motion, Defendant KeyBank requests that the Court preclude Plaintiff Velocity Press, Inc. ("Velocity") from presenting evidence regarding lost profits that it alleges were caused by KeyBank.  KeyBank argues that such evidence should be precluded because Velocity has not identified an expert to testify about lost profits and lay testimony about lost profits would not satisfy the requirements of Rule 701 of the Federal Rules of Evidence.  Velocity argues that KeyBank's Motion should be denied because there is no requirement that lost profits be established via expert testimony.

Rule 701 specifies that the testimony of lay witnesses "in the form of opinions or inferences is limited to those opinions or inferences which are . . . rationally based on the perception of the witness . . . and . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[2]  As the advisory committee note for this rule states, "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert."[3]

Under Utah case law, "[l]ost profits must be established with reasonable certainty."[4] This requires "proof of 'sufficient certainty that reasonable minds might believe from a preponderance of the evidence that the damages were actually suffered.'  This requirement

---

[2] Fed.R.Evid. 701.

[3] Fed.R.Evid. 701 advisory committee's note.

[4] *Cook Associates, Inc. v. Warnick*, 664 P.2d 1161, 1165 (Utah 1983) (citing *Penelko, Inc. v. John Price Associates, Inc.*, 642 P.2d 1229, 1235 (Utah 1982)).

applies to proof of (1) the fact of lost profits, (2) causation of lost profits, and (3) the amount of lost profits."[5]  This evidence must be sufficient "to enable the trier of fact to make a reasonable approximation" of the lost profits.[6]

Velocity intends to call Drew Elkins, the owner of Velocity, to testify at trial.  As Velocity's owner, Mr. Elkins could have sufficient background and understanding of Velocity's operations to enable the Court to make a reasonable approximation of any lost profits.  Without allowing Velocity to establish a foundation for Mr. Elkins' testimony, the Court cannot know whether he is unqualified to testify as to lost profits.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence of Lost Profits (Docket No. 120) is DENIED WITHOUT PREJUDICE.

DATED   September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *Id.* (citing *Penelko*, 642 P.2d at 1235).

[6] *Id.* at 1166.