IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M., INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JAMES F. WATTS<br><br><br><br>Case No. 2:09-CV-520 TS |

This matter is before the Court on Defendant KeyBank's Motion in Limine to Exclude Testimony of James F. Watts.[1] The Court notes that Plaintiff's Opposition to KeyBank's Motion in Limine is over length and need not be considered by the Court. However, the Court

---

[1]Docket No. 116.

1

considers the Motion and Opposition on their merits and, for the reasons set forth below, will deny Defendant's Motion without prejudice.

Defendant filed the present Motion on December 17, 2010, along with four other motions in limine. In this Motion, Defendant KeyBank requests that the Court exclude the testimony of James Watts pertaining to what caused Sanden to delay the manufacture of the press ordered by Velocity. KeyBank argues that this testimony should be excluded because 1) Mr. Watts based it on hearsay, and therefore lacks personal knowledge of the statements, and 2) the testimony contains inadmissible hearsay.

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."[2] The testimony of lay witnesses "in the form of opinions or inferences is limited to those opinions or inferences which are . . . rationally based on the perception of the witness."[3] KeyBank argues that Mr. Watt's testimony does not meet the knowledge requirement because he had no personal knowledge of the correspondence that conveyed why Sanden stopped building the press, but had only heard it second-hand from other Sanden employees—Peter Williams and Rosalie Munch.[4]

However, as Velocity Press points out in its Opposition, Mr. Watts *does* have personal knowledge of the conversations that he personally had with other Sanden employees and can

---

[2] Fed.R.Evid. 602.

[3] Fed.R.Evid. 701.

[4] Memorandum in Support of KeyBank's Motion in Limine, Docket No. 117, at 2-3.

2

testify regarding what he heard.⁵ This is consistent with *EEOC v. BCI-Coca Cola Bottle Co. of LA*,⁶ where the 10th Circuit held that the personal knowledge requirement in Rule 602 was met by a witness because he was testifying regarding "a conversation he had personally conducted."⁷ Furthermore, as a Sanden employee, Mr. Watts may have other experiences providing him with the personal knowledge and foundation required to testify as to why Sanden stopped building the press.

KeyBank also argues that Mr. Watts testimony regarding what other Sanden employees told him should be excluded as inadmissible hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."⁸ The Court declines to exclude the testimony at this time. First, the testimony could be offered for a reason other than to prove the truth of the matter asserted. Second, Plaintiff argues that the testimony should be admissible even if offered to prove the truth of the matter asserted under the residual hearsay exception, found in Fed.R.Evid. 807. This rule allows statements with "circumstantial guarantees of trustworthiness" equivalent to those provided in situations covered by Rule 803 or 804 if the court determines that:

> (A) the statement is offered as evidence of a material fact; (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general

---

⁵Opposition to KeyBank's Motion in Limine, Docket No. 142, at 1-3.

⁶450 F.3d 476 (10th Cir. 2006).

⁷*Id.* at 489 n.2.

⁸Fed.R.Evid. 801(c).

purposes of [the rules of evidence] and the interests of justice will best be served by admission of the statement into evidence.[9]

Defendant KeyBank argues that these factors are not met. Most notably, KeyBank argues that Mr. Watt's testimony regarding what Mr. Williams and Ms. Munch told him "is not more probative on the point for which it is offered than any other evidence that can be reasonably be obtained by Velocity."[10] Specifically, KeyBank argues that Mr. Williams or Ms. Munch would be better qualified to speak to these issues. Although these parties may be better qualified to speak on the issue and Plaintiff Velocity Press stated in its previous pretrial disclosures that it may be calling them, it is still unclear whether either witness will be present at trial.[11]

As Mr. Watts has personal knowledge regarding the conversations, the testimony that stems from conversations with Mr. Williams and Ms. Munch could be entered for a non-hearsay purpose, and it is unclear whether better evidence will be available at trial, the Court will deny Defendant's Motion without prejudice. Defendant may object at trial if it feels that specific statements constitute hearsay.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Statements Made By Sanden (Docket No. 116) is DENIED WITHOUT PREJUDICE.

---

[9]Fed.R.Evid. 807.

[10]Reply Memorandum in Support of KeyBank's Motion in Limine, Docket No. 170, at 3..

[11]Opposition to KeyBank's Motion in Limine, Docket No. 142, at 9.

4

DATED September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge