**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | **Case No. 2:09cv520** |
| KEY BANK, N.A., et al. | **Chief District Judge Ted Stewart** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by Chief District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are KeyBank, N.A.'s ("Defendant") (1) motion for a protective order[2] and (2) motion to remove document from the court docket.[3]  The court has carefully reviewed the motions and materials submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 18.

[2] *See* docket no. 208.

[3] *See* docket no. 216.

## DISCUSSION

### (1)  Defendant's Motion for Protective Order

Defendant moves this court for entry of a protective order that would allow it to designate nearly 200,000 pages of discovery as attorneys' eyes only.  Defendant explains that in two separate searches, it used specific search terms to identify documents relevant to the present case and found a total of approximately 17.3 gigabytes of data.  Defendant contends that its counsel reviewed the information in order to determine what documents were relevant and should be produced in response to Velocity Press Inc.'s ("Plaintiff") document requests. Defendant asserts that all relevant and responsive documents have been produced and that the remainder of this electronic data relates to other customers of Defendant who have nothing to do with the present case.  Defendant states that Plaintiff's counsel has requested that she be able to review the 17.3 gigabytes of raw electronic data that resulted from the search using search terms. Defendant contends that it is willing to allow that review, provided that an attorneys' eyes only designation be placed on the data (with a corresponding protective order) to ensure the protection of highly confidential information relating to other customers, like names, addresses, Social Security numbers, and other financial information.

Plaintiff contends that Defendant has failed to demonstrate good cause for an attorneys' eyes only designation.  Plaintiff argues that this designation places too onerous a burden on counsel and that a general confidential designation is sufficient to protect Defendant's customers' information.  Plaintiff states that it has already agreed to a confidential designation that would prohibit the use of the documents except in this litigation, that contains a provision

regarding unintentional waiver of privileged material, and that includes a claw-back provision to protect any privileged information.

The court agrees with Plaintiff and concludes that Defendant has failed to demonstrate good cause for an attorneys' eyes only designation for the nearly 200,000 documents. *See* Fed. R. Civ. P. 26(c)(1); *Martinez v. City of Ogden*, No. 1:08-cv-00087, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009) ("Generally, the party seeking protection must show good cause for each document. The party seeking a protective order has the burden to demonstrate good cause." (quotations and citations omitted)). Defendant seeks to protect the following information pertaining to its clients: names, birth dates, Social Security numbers, taxpayer identification numbers, information about net worth, and account delinquencies. "Attorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor." *Martinez*, 2009 WL 424785, at *2. Defendant has not alleged that its clients are competitors of Plaintiff or that there is some other good cause to warrant such a restrictive designation.

The court concludes that a confidential designation should suffice to protect the public disclosure of the personal information of Defendant's customers. Accordingly, Defendant's motion for a protective order is **GRANTED IN PART AND DENIED IN PART**. Within fifteen (15) days of the date of this order, the parties shall attempt to stipulate to a protective order. If the parties cannot so stipulate, each party shall submit its proposed protective order to the court within twenty (20) days of the date of this order.

**(2)  Defendant's Motion to Remove Document from the Court Docket**

Defendant seeks to have Exhibit C to Plaintiff's memorandum in opposition to Defendant's motion for a protective order removed from the court docket and placed under seal. Defendant asserts that Exhibit C contains account information about a number of its clients in unredacted format.  On June 9, 2011, the court ordered the Clerk of Court to seal Exhibit C until it could consider Defendant's motion on the merits.

While Plaintiff does not necessarily oppose Defendant's motion to seal, it takes issue with Defendant's characterization of Plaintiff's failing to redact certain portions of Exhibit C. Plaintiff contends that Defendant should have redacted the confidential portions of Exhibit C when it produced the document in discovery.  Plaintiff also takes issue with Defendant's "inconsistent treatment of purportedly highly confidential information."[4]

Because Plaintiff does not outright oppose Defendant's motion, and for good cause appearing, the court **GRANTS** Defendant's motion to remove document from the court docket. As such, Exhibit C shall remain under seal.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

(1)     Defendant's motion for a protective order[5] is **GRANTED IN PART AND DENIED IN PART**.  Within fifteen (15) days of the date of this order, the parties shall attempt to stipulate to a protective order.  If the parties cannot so stipulate,

---

[4] Docket no. 222 at i.

[5] *See* docket no. 208.

each party shall submit its proposed protective order to the court within twenty

(20) days of the date of this order.

(2)     Defendant's motion to remove Exhibit C from the court docket[6] is **GRANTED**.

As such, Exhibit C shall remain under seal.

**IT IS SO ORDERED.**

DATED this 2nd day of November, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 216.