IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>　　　　Plaintiff,<br><br><br>　　　　　　vs.<br><br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M., INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE DECISION<br><br><br><br>Case No. 2:09-CV-520 TS |

　　　　This matter is before the Court on Defendant KeyBank's Objection to Magistrate Judge Decision.[1]  For the reasons set forth below, the Court will overrule Defendant's Objection.

　　　　Defendant filed the instant Objection on November 16, 2011.  In its Objection, Defendant argues that Magistrate Judge Warner's Memorandum Decision and Order Granting in Part and Denying in Part KeyBank's Motion for Protective Order ("the Order")[2] should be set aside.

---

[1] Docket No. 234.

[2] Docket No. 232.

1

Defendant argues that "[t]he Magistrate Judge erred when he concluded that the 17.3 gigabytes of data did not need to be subject to a blanket attorneys' eyes only designation."[3]

Fed. R. Civ. P. 72(a) states that a party may file an objection to an order issued by a magistrate judge on a nondispositive motion within fourteen days. Once an objection is filed, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[4] Defendant argues that the data should be designated as attorneys' eye only because 1) it contains private information about KeyBank's other clients,[5] 2) KeyBank has an obligation protect this information, and 3) the use of a blanket designation would not be unfairly prejudicial to Plaintiff Velocity Press.

Under the Order, privileged documents are already protected from public disclosure.[6] Furthermore, many of the files that Defendant argues should be placed under an attorneys' eyes only designation are "generic Microsoft files, icons, World of Warcraft video games images, photographs of movie stars and politicians, and design art" and do not include any private information.[7] Finally, while Defendant has cited cases in which courts have taken a different approach than the Magistrate Judge took in the Order, Defendant has failed to show that the Order is clearly erroneous or contrary to law.

---

[3] Docket No. 234, at 15.

[4] Fed. R. Civ. P. 72(a).

[5] Docket No. 234, at 10.

[6] Docket No. 232, at 3.

[7] Docket No. 240, at 7.

It is therefore

ORDERED that Defendant KeyBank's Objection to Magistrate Judge Decision (Docket No. 234) is OVERRULED.

DATED   December 13, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge