IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M., INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND<br><br><br><br>Case No. 2:09-CV-520 TS |

      This matter is before the Court on Plaintiff Velocity Press, Inc.'s ("Velocity") Motion to Amend/Correct Pleadings to Conform to Proof.[1] For the reasons set forth below, the Court will grant Plaintiff's Motion.

## I. BACKGROUND

      Velocity is a commercial printer that has specialized in web printing since January 2004. In 2006, Velocity began negotiating with Sanden Machine Limited ("Sanden") to purchase a press from Sanden. Velocity ultimately agreed to purchase the press and arranged financing

---

[1] Docket No. 265.

1

through Defendant KeyBank, N.A. ("KeyBank").  Through a series of events that are not relevant to the present Motion, Sanden declared bankruptcy and the press Velocity ordered was not built.

Velocity filed suit against a number of parties, which ultimately proceeded to a bench trial against Defendant KeyBank.  On January 24, 2011—nine days before trial commenced—the stipulated Pretrial Order first identified the possibility of a fraud claim brought by Velocity.  It stated: "If the evidence supports a fraud claim, Velocity intends to file a motion to amend the pleadings to conform to the proof."[2]  Velocity further discussed this claim in its Trial Brief, where it set forth what KeyBank conduct it felt constituted fraud.

The case went to trial and, while trial was ongoing, Velocity filed a Motion to Amend/Correct Pleadings, seeking under Rule 15(b) to "add a claim for fraud, based on documents showing that KeyBank entered into a contract with Velocity with no present intent to abide by its terms."[3]  Defendant argues that, as the issue was first identified before trial in the Pretrial Order, the Motion should be evaluated under Rule 15(a) instead of Rule 15(b).

## II. MOTION TO AMEND/CORRECT PLEADINGS

A.   LEGAL STANDARD

Under Fed. R. Civ. P. 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Adding a new claim to the pretrial order is "the equivalent of asking leave to amend

---

[2] Docket No. 258, at 6.

[3] Docket No. 265, at 1.

[the] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)."[4] The Tenth Circuit has set forth several factors for a court to consider when determining whether to allow amendment of a complaint.

> These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.[5]

Fed. R. Civ. P. 15(b)(1) specifically addresses amendments during trial. It states that:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Rule 15(b) requires that the party opposing the amendment be seriously prejudiced in the presentation of the action or defense on the merits.[6] Furthermore, even if the objecting party is able to show prejudice, it is more favorable for the court to grant a continuance to cure that prejudice than to deny amendment entirely.[7]

---

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[5] *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984).

[6] Amendment When There is an Objection to the Evidence, 6A FED. PRAC. & PROC. CIV. § 1495 (3d ed.).

[7] *Id.*

B.  DISCUSSION

Although the parties dispute whether the proposed amendment should be evaluated under Rule 15(a) or Rule 15(b), the Court finds that amendment is appropriate under either standard. To begin, the Court finds that Plaintiff made its request in good faith and did not did not unduly or inexplicably delay in doing so.  There were numerous discovery disputes in this case, with many documents turned over by KeyBank well after the discovery deadline has passed.[8] Furthermore, Plaintiff notified KeyBank of the possibility of a fraud claim before trial, giving KeyBank the opportunity to request an extension for additional discovery if KeyBank felt it would assist in its defense.

KeyBank argues that, although notice was given before trial, it would be prejudiced if a claim were added because notice was given only nine days before trial, giving KeyBank insufficient time "to request documents related to this claim, depose witnesses about this claim, or determine whether there were additional witnesses that could have rebutted the claim or supported KeyBank's defense to this claim."[9]  However, KeyBank does not explain how it would be prejudiced in light of the similarities between the previously alleged claims and the newly brought fraud claim.

As the Tenth Circuit stated when faced with a similar scenario in *Minter v. Prime Equipment Co.*, "[w]hile the [] claims are different in form, there is a significant overlap in the

---

[8] Docket No. 293, at 6.

[9] Docket No. 275, at 11.

4

factual underpinnings and defenses."[10]  In the present matter, the previously pled claims were for breach of contract, breach of the implied covenant of good faith, and breach of fiduciary duty—all arising out of transactions between Drew Elkins and various KeyBank representatives.  The claim that Velocity seeks to add is for fraud, dealing with the same interactions between the same individuals.  While a fraud claim does additionally require an examination of the knowledge and purpose of the individual making a statement, the allegedly fraudulent statements were made by KeyBank employees and witnesses and were supported at trial by internal KeyBank documents.  As KeyBank already had access to these documents and witnesses, was aware of what information Velocity had received through discovery, and had received notice of the fraud claim prior to trial through Velocity's Trial Brief, KeyBank certainly had knowledge of the information Velocity's fraud claim would be based on.  KeyBank also did not request that the trial be continued to allow for additional discovery or state with specificity what additional discovery would have been pursued.

Because the Court finds 1) that Velocity acted with good faith and no undue delay, 2) that KeyBank will not be prejudiced, and 3) that allowing amendment will aid in presenting the merits of the case, the Court will grant Velocity's Motion to Amend.

### III. CONCLUSION

It is therefore

ORDERED that Velocity's Motion to Amend/Correct Pleadings to Conform to Proof (Docket No. 265) is GRANTED.  KeyBank is to file its proposed findings of fact and

---

[10] 451 F.3d at 1208.

conclusions of law relating to this issue within fourteen (14) days.  Velocity's response is due fourteen (14) days thereafter.

DATED   May 2, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge