IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VELOCITY PRESS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br><br><br><br><br>      vs.<br><br><br>KEY BANK, N.A., Q.A.M., INC., a Virginia corporation dba SANDEN USA, INC.; Q.A.M. INTERNATIONAL, a Nevada corporation; ROBERT PITEL, an individual; DOUGLAS JUSTUS, an individual; DOE DEFENDANTS I through X,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND RELATED NONTAXABLE EXPENSES<br><br><br><br><br><br><br>Case No. 2:09-CV-520 TS |

This matter is before the Court on Plaintiff Velocity Press, Inc.'s Motion for Award of

Attorney Fees and Related Nontaxable Expenses.

I.  BACKGROUND

Plaintiff is a commercial printer that has specialized in web printing since January 2004.

In 2006, Plaintiff began negotiating with Sanden Machine Limited ("Sanden") to purchase a

press from Sanden.  Plaintiff ultimately agreed to purchase the press and arranged financing

through Defendant.  Unbeknownst to Plaintiff, Defendant and Sanden made additional

agreements in regards to the financing of the press which ultimately culminated in Sanden

declaring bankruptcy and the press Plaintiff ordered not being built.  Plaintiff filed suit against a

number of parties, which eventually proceeded to a bench trial against Defendant.  In its June 8,

2009, Complaint, Plaintiff brought claims for breach of fiduciary duty, and unjust enrichment.

On February 24, 2010, Plaintiff amended its Complaint to include claims of breach of contract

and breach of the implied covenant of good faith and fair dealing.  On August 20, 2012, the

Court issued its Findings of Fact and Conclusions of Law.[1]  The Court made several conclusions

that are relevant to the current Motions.  First, the Court found that Defendant did not breach its

contract with Plaintiff:

> As Velocity made only one loan disbursement request, which was honored by
> KeyBank, KeyBank had no obligation under the contract to advance further funds
> until it received a request from Velocity.  As Velocity made no such request, there
> was no obligation for disbursement and, therefore, there was no breach by
> KeyBank.[2]

However, even though the Court did not find a breach of any express contract terms, the

Court did find that Defendant breached its implied covenant of good faith and fair dealing:

> KeyBank did not have a contractual right 1) to renegotiate the Velocity/Sanden
> Contract without Velocity's knowledge or 2) to tell Sanden, after the Loan
> Agreement was completed, that a letter of credit needed to be in place before
> KeyBank would make the second progress payment.  By doing so, KeyBank's
> actions were not consistent with the agreed common purpose of the Loan

---

[1]Docket No. 304.

[2]*Id.* at 19.

> Agreement and Velocity's justified expectations.  KeyBank's actions injured Velocity . . . .   Therefore, the Court finds that KeyBank violated the implied covenant of good faith, thereby breaching the Loan Agreement.[3]

In addition to finding that Defendant breached its implied covenant of good faith and fair dealing, the Court found that Defendant breached its fiduciary duty to Plaintiff[4] and that Defendant fraudulently induced Plaintiff to enter into the loan agreement.[5]  On September 24, 2012, the Court entered Judgment in favor of Plaintiff on its claims for breach of the covenant of good faith and fair dealing, fraud, and breach of fiduciary duty.[6]  On October 5, 2012, Plaintiff filed the Motion for Attorney Fees and Related Nontaxable Expenses at issue here.

## II.  DISCUSSION

Defendant opposes Plaintiff's Motion for Attorney Fees and Costs on several grounds.  First, Defendant argues that Plaintiff is not entitled to attorney fees on its contractual claims because there is no contractual or statutory basis for the Court to award attorney fees.  Second, Defendant argues that Utah law does not allow the Court to grant an award of attorney fees for a breach of fiduciary duty outside of the insurance context.  Third, Defendant argues that some of the requested fees are unrelated to claims on which Plaintiff prevailed.  Finally, Defendant argues that Plaintiff is not entitled to an award of costs because Plaintiff does not provide sufficient detail and support for the requested costs.  These arguments will be considered in turn below.

---

[3]*Id.* at 21.

[4]*Id.* at 23.

[5]*Id.* at 25.

[6]Docket No. 318.

A.      STATUTORY FEES

Under Utah's reciprocal fee statute, Utah Code Ann. § 78B-5-826:

> A court may award costs and attorney fees to either party that prevails in a civil
> action based upon any promissory note, written contract, or other writing . . .
> when the provisions of the promissory note, written contract, or other writing
> allow at least one party to recover attorney fees.

Defendant asserts that the applicable provision in the promissory note at issue in this case only allows for an award of attorney fees to Defendant in a collection action.  Thus, applying the statute to the provision would only allow Plaintiff to recover attorney fees if it prevailed in a collection action brought by Defendant.

"[W]hen a contract creates 'an unequal exposure to the risk of contractual liability for attorney fees,' district courts may apply section 78B-5-826 to ensure that both parties are subject to the attorney fee provision."[7]  "The statute levels the playing field by allowing both parties to recover fees where only one party may assert such a right under contract, remedying the unequal allocation of litigation risks built into many contracts of adhesion."[8]  Under the statute, "courts should award fees liberally . . . where pursuing or defending an action results in an unequal exposure to the risk of contractual liability for attorney fees."[9]  The Court may award attorney fees "if two main conditions are met.  First, the civil action must be based upon any promissory

---

[7]*Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 980-81 (Utah 2009) (quoting *Bilanzich v. Lonetti*, 160 P.3d 1041, 1046 (Utah 2007)).

[8]*Bilanzich*, 160 P.3d at 1046.

[9]*Id.*

note, written contract, or other writing.  And second, the provisions of the promissory note, written contract, or other writing must allow at least one party to recover attorney fees."[10]

A straightforward reading of the statute and contract leads to the conclusion that attorney fees may be awarded here.  The action was based upon a promissory note signed by the parties, and under the terms of that note Defendant was entitled to attorney fees if Plaintiff did not make payments.  However, Defendant urges a narrow reading of the statute, arguing that reciprocal attorney fees can only be awarded under the terms of the contract.  In this case, the contract stated that if Defendant incurred attorney fees or expenses in an attempt to collect on the note, Plaintiff would be responsible for those fees.[11]  Defendant argues that the statute only operates to award Plaintiff attorney fees if Plaintiff prevails in a collection action brought by Defendant.  Thus, under Defendant's argument, the statute does not apply here, where Plaintiff prevailed under a breach of contract theory, but where there was no default of payment or collection action.

Defendant's argument is supported in dicta by *PC Crane Service, LLC v. McQueen Masonry, Inc.*[12]  The court found that although a request for fees under Utah Code Ann. § 78B-5-826 was not properly before it on appeal, nothing in "previous case law, or the statute itself permits a party to recover fees beyond those provided for by the contract's terms."[13]  The court reasoned as follows:

---

[10]*Id.* at 1045.

[11]Docket No. 332, at 4.

[12]273 P.3d 396 (Utah Ct. App. 2012).

[13]*Id.* at 407.

> The statute does not create an independent right to a fee award that the contract's attorney fee provision would not allow to either party simply because the fee provision is one-sided.  Because we have previously decided that neither the notes nor the deed of trust provide for an award of attorney fees in the absence of a default, we decline to accept, on the same basis, McQueen's claim that it is entitled to fees under the statute . . . .[14]

Defendant urges the Court to adopt the reasoning of the Utah Court of Appeals, and find that in the absence of default, there can be no award of attorneys fees.

Plaintiff urges a broader reading of the statute, arguing that in order for the statute to "level the playing field" and remedy "the unequal allocation of litigation risks built into many contracts of adhesion,"[15] it must award attorney fees to the Plaintiff if it prevails on a breach of contract claim, instead of just if Plaintiff prevails when Defendant brings a collection action. Since the only way that Plaintiff can breach the contractual terms of the promissory note would be to not pay, the contract in effect gives Defendant the right to attorney fees in any suit it brought for breach of contract.  Plaintiff would interpret the statute to give it the same right.

Plaintiff's reading of the statute also draws support from Utah case law.  In *Dejavue, Inc. v. U.S. Energy Corp.,* a sublease agreement provided that "in the event of default by [plaintiff], [defendant] shall have the right to recover reasonable attorney fees."[16]  The court found that even though the underlying contract only provided for attorney fees in a collection action for the plaintiff's default, under the statute the plaintiff was "clearly entitled to an award of attorney fees if it indeed prevailed on either its own breach of contract claim, or in defending against U.S.

---

[14]*Id.* at 408.

[15]*Bilanzich*, 160 P.3d at 1046.

[16]993 P.2d 222, 226 (Utah Ct. App. 1999).

Energy's breach of contract counterclaim."[17]  The court kept with its policy of awarding fees liberally and leveled the playing field.  If one party was entitled to attorneys fees in the case of breach, the other party should be as well, even if the contractual wording used the word default instead of breach.

The Utah Supreme Court has given further guidance in applying this statute.  When considering a case in which only one party was a party to the original contract, the court adopted a hypothetical framework under which the court evaluates "the question whether the contract allows at least one party to recover attorney fees under a hypothetical alternative in which the case was resolved the other way."[18]  In *Hooban*, the court awarded attorneys fees even though the losing party was not a party to the contract because, if the case had been decided the other way and the losing party prevailed, it would have acceded to rights under the contract and been able to claim attorneys fees.[19]  Applying this logic to the case at hand, the question to be considered becomes, if Defendant had prevailed, would it have been entitled to attorney fees under the contract?  If so, then the statute should likewise operate to award Plaintiff attorney fees.  In this case, if Defendant had prevailed, it would have been entitled to attorneys fees.

In its Findings of Fact and Conclusions of Law, the Court found that Defendant was liable "for the amounts [Plaintiff] paid to [Defendant] and Sanden in connection with the loan."[20]

---

[17]*Id.* at 226-27.

[18]*Hooban v. Unicity Int'l, Inc.*, 285 P.3d 766, 771 (Utah 2012).

[19]*Id.* at 772.

[20]Docket No. 304, at 26.

Hence, Defendant was ordered to pay back all money it had collected on the promissory note.  As

the payments under the promissory note were at stake in the litigation, under the contract,

Defendant would have been able to claim attorneys fees as expenses of collecting on the note had

it prevailed.  It does not matter that Defendant would not have been the party that actually

brought suit to enforce collection.  In *Chase v. Scott*, the court held that even though a

contractual provision only provided for fees in a suit to enforce a contract, a successful defense

against a suit to rescind the contract should be interpreted as a suit to enforce the contract.[21]  This

is similar to the hypothetical scenario here.  A successful defense of Plaintiff's damage claim for

a return of loan payments should be interpreted as a suit to enforce its rights to payment under the

contract.  Thus, since Defendant would have been entitled to attorneys fees under the contract

had it prevailed, Plaintiff should be as well.

Therefore, the Court finds that Plaintiff is entitled to an award of attorney fees under Utah

Code Ann. § 78B-5-826 as applied to the promissory note.

B.    BREACH OF FIDUCIARY DUTY

"The general rule in Utah, and the traditional American rule . . . is that attorney fees

cannot be recovered by a prevailing party unless a statute or contract authorizes such an award."[22]

However, the Utah Supreme Court, in *Campbell v. State Farm Mutual Auto Insurance Company*,

recognized that "breach of a fiduciary obligation is a well-established exception to the American

---

[21]38 P.3d 1001, 1005 (Utah Ct. App. 2001).

[22]*Stewart v. Utah Pub. Serv. Comm'n*, 885 P.2d 759, 782 (Utah 1994).

rule precluding attorney fees in tort cases generally."[23]  Such damages may be awarded so long as

they are foreseeable.[24]

Defendant argues that the *Campbell* court was considering the breach of an insurer, and

that Utah law is unsettled on whether or not attorney fees can be awarded for a breach of

fiduciary duty outside of the insurance context.  However, this argument ignores several lower

court findings that attorney fees were justified for a breach of fiduciary duty outside of the

insurance context.[25]  Defendants instead rely on *Neff v. Neff*, in which the Utah Supreme Court

declined to award attorney fees for a breach of fiduciary duties.[26]  However, a close reading of the

case reveals that the court's decision to not award attorney fees was based on the fact that the

breach of fiduciary duties in *Neff* did not cause damages.[27]  Although the breach in *Neff* did not

involve an insurer, there is no indication that the Court intended to confine its *Campbell* holding

to the insurance context.  In *Neff*, the court reasoned:

> First, attorney fees in *Campbell* were permitted as a component of consequential
> damage . . . that naturally and foreseeably flow from an insurance company's
> bad-faith dealing.  We did not consider whether an insured could bring a claim for
> breach of fiduciary duty if that claim's sole measure of damages consists of the
> attorney fees expended in bringing the claim.  Therefore, even if *Campbell*
> reached all claims for breach of fiduciary duty, it does not reach as far as the facts
> of this case.

---

[23]65 P.3d 1134, 1169 (Utah 2001) *rev'd, on other grounds,* 538 U.S. 408 (2003).

[24]*Id.* at 1168-69.

[25]*See, e.g., Kealamakia, Inc. v. Kealamakia*, 213 P.3d 13, 15 (Utah Ct. App. 2009);
*Stevensen 3rd E., LC v. Watts*, 210 P.3d 977, 99 (Utah Ct. App. 2009).

[26]247 P.3d 380, 403.

[27]*Id.*

Second, and most important, even if attorney fees ought to be available as consequential damages in all claims for breach of fiduciary duty, we decline the invitation to adopt such a rule where the party has failed to prove any damages resulting from the breach. Such a rule would permit claims for breach of fiduciary duty to be based only on the harm incurred in bringing a successful claim for breach of fiduciary duty. Where no other damage has been suffered by the plaintiff, it makes little sense to let the party recover attorney fees merely for proving that an otherwise harmless breach of fiduciary duty has occurred.

We are not presented with a situation where a party proved a perfectly viable claim for breach of fiduciary duty and then sought attorney fees as a prevailing party. Instead, we are presented with a claim for breach of fiduciary duty apparently based on no damages having been incurred beyond the costs of bringing a lawsuit. Such a claim is impermissible, and no exception to our general rule for attorney fees can successfully be invoked to salvage it.[28]

This is not a case like *Neff*, where the breach of fiduciary duties caused no damages.

Instead, in this case, Plaintiff has proved a perfectly viable claim for breach of fiduciary duties. The Court found that "KeyBank breached its fiduciary duties to Velocity when it placed its own interests above those of Velocity by leading Sanden to believe that a letter of credit needed to be in place before the second draw could be made under the loan."[29]  Additionally, this Court found that "it was reasonably foreseeable that requiring Sanden to find independent financing could lead to financial difficulties and delaying construction of the press for over a year could lead to the press not being constructed."[30]  Furthermore, it was reasonably foreseeable that such a delay would cause Plaintiff to expend attorney fees to recover its losses.  Therefore, the Court finds

---

[28]*Id.*

[29]Docket No. 304, at 23.

[30]*Id.* at 25.

that Defendant's breach of its fiduciary duty to Plaintiff justifies an award of attorney fees to Plaintiff.

## C.    FEES INCURRED PRIOR TO AMENDED COMPLAINT

Defendant argues that Plaintiff is not entitled to any fees incurred before it added its claims for breach of contact and breach of the implied covenant of good faith and fair dealing in its February 24, 2010, Amended Complaint.  This argument is based on the faulty premise that Plaintiff is not entitled to fees for prevailing on its claim of breach of fiduciary duty, which was included in Plaintiff's original Complaint.  As reasoned above, Plaintiff is entitled to fees on its claim of breach of fiduciary duty.

Even if Plaintiff were not entitled to fees on its claim for breach of fiduciary duty, it would still be entitled to fees incurred prior to amending its Complaint.  Generally, "[i]f attorney fees are recoverable by contract, '[a] party is entitled only to those fees attributable to the successful vindication of contractual right . . . .'"[31]  However, "when a plaintiff brings multiple claims involving a common core of facts and related legal theories, and prevails on at least some of its claims, it is entitled to compensation for all attorney fees reasonably incurred in the litigation."[32]  This is a case in which all of Plaintiff's claims revolved around interrelated core

---

[31]*Cache Cnty. v. Beus*, 128 P.3d 63, 69 (Utah Ct. App. 2005) (quoting *Stacey Props. v. Wixen,* 766 P.2d 1080, 1084 (Utah Ct. App. 1988)).

[32]*Dejavue, Inc.*, 993 P.2d at 227; *see Daynight, LLC v. Mobilight, Inc.*, 248 P.3d 1010, 1013 (Utah Ct. App. 2011) ("[A] party need not segregate its compensable and noncompensable claims if they sufficiently overlap and involve the same nucleus of facts."); *Keith Jorgensen's, Inc. v. Ogden City Mall Co.*, 26 P.3d 872, 879 (Utah Ct. App. 2001) ("[P]arties are entitled to fees when compensable and non-compensable claims overlap.").

common facts and legal theories.  Even if Plaintiff had only brought its claim for a breach of the implied covenant of good faith and fair dealing, it still would have had to obtain the same evidence and prove many of the same facts and legal arguments that it did in establishing its other claims.  As Plaintiff's claims are so closely tied together, and as Plaintiff is entitled to its attorneys fees for both its breach of fiduciary duties claim and its breach of the implied covenant of good faith and fair dealing claim, Plaintiff is entitled to the requested attorney fees it incurred prior to amending its complaint.

D.      FEES INCURRED IN MOTION FOR SANCTIONS

Defendant argues that Plaintiff is not entitled to any fees incurred in connection with its unsuccessful motion for sanctions.  Defendant argues that as Plaintiff did not prevail in its motion, the fees incurred in bringing the motion cannot be said to be fees attributable to the successful vindication of contractual rights.

In its motion for sanctions, Plaintiff requested that the Court sanction Defendant for failing to produce two emails that Defendant claimed it had deleted.[33]  However, the Court found that Defendant did not wrongfully withhold or spoliate relevant evidence.[34]  Furthermore, the Court found that the search and investigation conducted by KeyBank was reasonable.[35]  Finally, the Court noted

> that both parties are under an obligation to ensure that the opposing party has received all relevant evidence in its possession.  The parties are to meet and confer

---

[33]Docket No. 147.

[34]Docket No. 207, at 6.

[35]*Id.* at 7.

in an attempt to resolve any such shortcomings in their production of documents. Should the Court later learn of misconduct in the retention and production of documents by either party sanctions may be entered.[36]

Plaintiff argues that since Defendant eventually provided Plaintiff with unredacted versions of documents and seven gigabytes of other information, Plaintiff's motion for sanctions was attributable to the successful vindication of its rights.  Although it is true that additional information was eventually discovered in this case, it is not clear that Plaintiff's motion for sanctions led to that discovery.  The Court never found that sanctions were appropriate in this case, nor did it find that Keybank was wrongfully withholding discovery.  The Court simply reminded the parties of their existing discovery obligations and ordered them to meet and resolve any remaining issues.  Therefore, Plaintiff is not entitled to attorney fees incurred in its motion for sanctions.

E.      COSTS

Plaintiff has requested its taxable costs in a bill of costs that has been accepted by the Clerk of the Court.  In addition, Plaintiff is requesting non-taxable costs in the amount of $12,845.66, based on the contractual provision allowing for the collection of fees including "reasonable attorneys' fees and . . . legal expenses . . . ."[37]  Defendant opposes Plaintiff's request for $12,845.66 in non-taxable costs because Plaintiff has not provided sufficient detail "to

---

[36]*Id.*

[37]Docket 304, at 10.

determine whether Velocity's expenses were incurred in furtherance of its contract claims or whether they were reasonable . . . ."[38]

DUCivR 54-2(a) requires that:

Within fourteen (14) days after the entry of final judgment, the party entitled to recover costs must file a bill of costs on a form available from the clerk of court, a memorandum of costs, and a verification of bill of costs under 28 U.S.C. § 1924. The memorandum of costs must (i) clearly and concisely itemize and describe the costs; (ii) set forth the statutory basis for seeking reimbursement of those costs under 28 U.S.C. § 1920; and (iii) reference and include copies of applicable invoices, receipts, and disbursement instruments.  Failure to itemize and verify costs may result in their being disallowed.

Although the disputed costs are not taxable, there does not appear to be any reason why Plaintiff should not be required to provide the same level of support for its non-taxable costs as it must for its taxable costs.  Plaintiff still needs to allege such costs with sufficient detail for the Court to determine if they are applicable and for Defendant to oppose them if necessary. Accordingly, the Court will not at this time approve a specific amount for non-taxable costs.

## III.  CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiff's Motion for Award of Attorney Fees and Related Nontaxable Expenses (Docket No. 331) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's requested and supported attorney fees of $468,309.75[39] are reduced by the fees of $31,263.75[40] incurred in connection with Plaintiff's motion for sanctions.  Plaintiff is additionally awarded its

---

[38]Docket 335, at 11.

[39]Docket No. 332.

[40]Docket No. 335 Ex. 1.

fees incurred in support of its motion for attorney fees in the amount of $18,073.75.[41]  Defendant

is instructed to pay the total amount of $455,119.75 to Plaintiff for fees.  Plaintiff is instructed to

resubmit its application for nontaxable expenses with the same level of detail and support as it is

required to provide for taxable costs under the local rules.

DATED   December 17, 2012.

BY THE COURT:

TED STEWART
United States District Judge

---

[41]Docket No. 346.